had occurred in the lifetime of the testatrix. To hold that a cross-examination of the witness as to such matters was a waiver of the objection to his competency, and accredited him as a witness, would be nothing less than a perversion of the rule robbing it of all reason.

We have referred to the undue delay that attended this proceeding. One result of this delay may be seen in the costs taxed. The costs taxed and allowed on the first two audits amounted to $287.50. The Orphans' Court in disposing of an exception filed to this taxation, says, "It is certain that all the costs of these audits amounting to $806.50 should not be paid out of the fund for distribution under the circumstances in the case. A considerable portion of these costs have been rendered necessary by the neglect and carelessness of the accountant, and he should be required to pay a portion of these costs. It is therefore ordered that the accountant pay the costs of the first two audits, with the exception of the stenographer's fee......The total required to be paid by the accountant being $212......All the other costs to be paid out of the fund." In this order we cannot concur, so far as it directs the payment of any part of the costs by the appellant. He certainly was not responsible for whatever it was that necessitated a third auditor in the case.

We sustain the exceptions filed to this order. Let the report be so amended, and as thus amended we overrule all the exceptions and confirm the report.

---

# Connelly's Estate.

*Decedents' estates—Occupation of real estate by widow—Children—Tenants in common—Intestate laws.*

Under the intestate laws of Pennsylvania a widow is not a tenant in common with the heirs of land of which her husband died seized. If she occupies the real estate, her occupancy of the premises creates no obligation to account to the heirs of the husband

for the rental value thereof; and this is especially true where the heirs are minor children of the husband, and live with the widow on the premises, and were educated, fed and maintained by her for several years.

Argued Oct. 10, 1918. Appeal, No. 178, Oct. T., 1918, by Patrick J. Anderson, from order of O. C. Beaver Co., Dec. T., 1917, No. 27, dismissing exceptions to auditor's report in Estate of Mary J. Connelly. Before STEWART, MOSCHZISKER, FRAZER, SIMPSON and FOX, JJ. Affirmed.

Exceptions to report of John A. Elliott, Esq., auditor.

The auditor found that John J. Connelly died on July 3, 1913, intestate, leaving to survive him his widow, Mary J. Connelly, and two sons by a former wife, aged respectively eleven and thirteen years. He owned a hotel in which the widow and the two sons lived until the widow's death on October 8, 1916. During this time the widow conducted the hotel, and supported, maintained and fed the two sons. The guardian of the sons claimed $20,800 for the widow's use of the hotel. The auditor disallowed the claim. On exceptions BALDWIN, P. J., filed the following opinion:

We have carefully examined the auditor's findings and conclusions in this case and are of the opinion that the auditor was right in refusing the claim presented by Patrick J. Anderson, guardian of Thomas P. and John F. Connelly.

As pointed out by the auditor, the weight of authority is that under the intestate laws of Pennsylvania the widow is not a tenant in common with the heirs. Therefore, her occupancy of the premises in question created no obligation to account to the heirs of the husband for the rental value thereof. Besides, the heirs occupied the premises jointly with her. They were fed, clothed and educated out of the profits of the business which the decedent conducted in the premises. The master's findings show that the decedent expended in their maintenance and education a sum equal to or in excess of their share

of a fair compensation for the use of the premises or the fair rental value thereof.

We are unable to see how the claim can be sustained, either in whole or in part, and the exceptions will accordingly be dismissed.

*Errors assigned* were in dismissing exceptions to the auditor's report.

*Lawrence M. Sebring,* with him *George Wilson,* for appellant.

*E. C. Higbee,* of *Sterling, Higbee & Matthews,* with him *S. R. Goldsmith, Arthur McKeen,* and *W. D. Craig,* for appellees.

PER CURIAM, January 4, 1919:
The decree is affirmed on the opinion of the learned president judge.

---

## Cartin *v.* Standard Tin Plate Company, Appellant.

*Workmen's compensation—Findings of fact—Permanent injuries —Review.*

The findings of a referee affirmed by the Workmen's Compensation Board "that the condition of the claimant's hands, as the result of said accident, constitutes a permanent loss of the use of such members," is a fact found, and not a conclusion of law, such as may be reviewed on appeal.

Argued Oct. 11, 1918.   Appeal, No. 97, Oct. T., 1917, by defendant, from order of C. P. Washington Co., May T., 1918, No. 32, dismissing appeal from decision of Workmen's Compensation Board allowing claim in case of Charles Cartin v. Standard Tin Plate Company.   Before STEWART, MOSCHZISKER, FRAZER, SIMPSON and FOX, JJ.   Affirmed.